Cite as 2023 Ark. App. 13

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-22-365

| | |
|---|---|
| JILL DAVIDSON<br><br>APPELLANT<br><br>V.<br><br><br>ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILDREN<br><br>APPELLEES | Opinion Delivered January 18, 2023<br><br>APPEAL FROM THE LOGAN COUNTY CIRCUIT COURT, SOUTHERN DISTRICT<br>[NO. 42BJV-21-7]<br><br>HONORABLE TERRY SULLIVAN, JUDGE<br><br>AFFIRMED; MOTION GRANTED |

**KENNETH S. HIXSON, Judge**

Appellant Jill Davidson appeals from the termination of her parental rights to her three children, MC1, MC2, and MC3, who are now ages seven, four, and three.[1] Pursuant to , 359 Ark. 131, 194 S.W.3d 739 (2004), and Arkansas Supreme Court Rule 6-9(j), Jill's counsel has filed a no-merit brief and motion to withdraw, asserting that there are no issues of arguable merit to support an appeal and that she should be relieved as counsel. A copy of Jill's counsel's brief and motion was mailed to her at her last known address along with information about her right to file pro se points, but the package was returned as

---

[1]The parental rights of the children's father, David Davidson, were also terminated, but David did not appeal.

undeliverable.  Further efforts to contact Jill via email were unsuccessful.  Thus, Jill has not filed any pro se points.  We affirm, and we grant counsel's motion to be relieved.

A trial court's order terminating parental rights must be based upon findings proved by clear and convincing evidence.  Ark. Code Ann. § 9-27-341(b)(3) (Supp. 2021).  Clear and convincing evidence is defined as that degree of proof that will produce in the fact-finder a firm conviction as to the allegation sought to be established.  *Posey v. Ark. Dep't of Health & Hum. Servs.*, 370 Ark. 500, 262 S.W.3d 159 (2007).  On appeal, the appellate court reviews termination-of-parental-rights cases de novo but will not reverse the trial court's ruling unless its findings are clearly erroneous.  *Id.*  A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made.  *Id.*  In determining whether a finding is clearly erroneous, an appellate court gives due deference to the opportunity of the trial court to judge the credibility of witnesses.  *Id.*

In order to terminate parental rights, a trial court must find by clear and convincing evidence that termination is in the best interest of the juvenile, taking into consideration (1) the likelihood that the juvenile will be adopted if the termination petition is granted; and (2) the potential harm, specifically addressing the effect on the health and safety of the child, caused by returning the child to the custody of the parent.  Ark. Code Ann. § 9-27-341(b)(3)(A)(i) & (ii).  The order terminating parental rights must also be based on a showing of clear and convincing evidence as to one or more of the grounds for termination listed in

section 9-27-341(b)(3)(B). However, only one ground must be proved to support termination. *Reid v. Ark. Dep't of Hum. Servs.*, 2011 Ark. 187, 380 S.W.3d 918.

This case began on April 7, 2021, when appellee Arkansas Department of Human Services (DHS) filed a petition for emergency custody of the children. Attached to the petition was an affidavit of family-service worker Brandy Ezell, who was the family-service worker throughout this case. The affidavit stated that DHS had received a call from the police that the three children were walking down the street, and the children had told the police officer they were walking to their grandmother's house about seven blocks away because no one was at their house. Ms. Ezell went to Jill's house, and Jill told her, incorrectly, that the children were with their father. According to the affidavit, there was trash all over the house, inadequate food, and only one bed. Jill refused to take a drug test and stated that if tested, she would be positive for methamphetamine and marijuana. The same day the petition was filed, the trial court entered an ex parte order for emergency DHS custody. A probable-cause order followed on May 17, 2021.

On June 23, 2021, the trial court entered an adjudication order. In the adjudication order, the trial court found the children dependent-neglected based on parental unfitness due to environmental neglect in the home and substance abuse. Jill was ordered to maintain stable and appropriate housing; maintain income sufficient to support the family; maintain safe and reliable transportation; comply with random drug screens; complete a drug-and-alcohol assessment and follow all recommendations; attend parenting classes; visit the

children; and keep DHS apprised of her current contact information and any changes. The goal of the case was reunification.

On September 27, 2021, the trial court entered a review order. In the review order, the trial court ordered the children to remain in DHS custody and noted that the children had been placed with their uncle. In the review order, the trial court found that Jill was "totally noncompliant with the case plan and the orders of the court." The trial court found that Jill had failed to submit to a drug-and-alcohol assessment, having missed four scheduled appointments. The trial court also found that Jill had missed three scheduled appointments to attend a counseling intake. The trial court found that Jill lacked appropriate housing, reliable transportation, and steady income. In addition, Jill had twice tested positive for methamphetamine. In the review order, the trial court found that the goal of the case continued to be reunification.

However, in a second review order entered on January 4, 2022, the trial court changed the goal of the case from reunification to adoption. In that review order, the trial court found that Jill had made no progress with the case plan or the orders of the court. The trial court noted that Jill had completed six of twelve parenting classes but had not attended any classes since June 12, 2021. Moreover, Jill had not visited the children since June 18, 2021. The trial court stated that Jill had been recently arrested for failure to appear on pending drug charges and spent one and a half months in jail, after which she failed to provide DHS with her address.

On January 12, 2022, DHS filed a petition to terminate Jill's parental rights. The termination hearing was held on March 16, 2022. Although present at the termination hearing, Jill chose not to testify. The only witness was family-service worker Brandy Ezell.

Ms. Ezell testified that DHS had offered Jill numerous family services but that Jill had not availed herself of the services and was noncompliant with the case plan. Ms. Ezell stated Jill had not visited the children since June 2021, and that since then, Jill has had very little contact with DHS. Ms. Ezell stated that, to her knowledge, Jill lacked appropriate housing or transportation, and that Jill had not provided any proof of employment. Ms. Ezell stated that she had texted Jill numerous times during the case to find out where she lived but that Jill would never give her an address. When Ms. Ezell went to Jill's last known address where the children had been removed, she spoke with the children's father, who stated that he did not know where Jill was living. Because Jill's address was unknown, Ms. Ezell was unable to complete any home visits.

Ms. Ezell stated that although Jill did complete a drug-and-alcohol assessment, she failed to follow through with the recommendations and requirements. Ms. Ezell referred to letters she had received from the outpatient-therapy provider. According to these letters, Jill tested positive for methamphetamine on December 1, 2021. These letters showed that Jill had missed multiple appointments, and that when she did attend on December 15, 2021, she left without submitting to a drug screen, which was a "presumed positive." On January 8, 2022, Jill was discharged from the rehabilitation program due to her multiple missed appointments and the resulting inability to obtain drug screens from her. Ms. Ezell also

5

noted that in December 2021, Jill was twice convicted, in separate jurisdictions, for possession of drug paraphernalia. Sentencing orders were admitted reflecting these felony convictions, for which Jill was given three-year suspended sentences.

Ms. Ezell stated that the children are doing well and that, in her opinion, they are adoptable. She stated that the children's uncle and his wife want to adopt them.

Ms. Ezell stated that there were no services DHS could offer that would likely result in reunification and that she thought the children would be at risk of harm if Jill's parental rights were not terminated. Ms. Ezell recommended terminating Jill's parental rights, stating that this would be in the children's best interest.

On March 24, 2022, the trial court entered an order terminating Jill's parental rights as to all three children. The trial court found by clear and convincing evidence that termination of parental rights was in the children's best interest, and the court specifically considered the likelihood of adoption as well as the potential harm of returning the children to Jill's custody as required by Ark. Code Ann. § 9-27-341(b)(3)(A). The trial court also found clear and convincing evidence of two statutory grounds. Under Ark. Code Ann. § 9-27-341(b)(3)(B)(vii)(*a*), the trial court found that other factors or issues arose subsequent to the filing of the original petition for dependency-neglect that demonstrate that placement of the children in Jill's custody is contrary to the children's health, safety, and welfare and that, despite the offer of appropriate family services, Jill has manifested the incapacity or indifference to remedy the subsequent issues or factors or rehabilitate her circumstances that prevent the placement of the children in her custody. In addition, under Ark. Code Ann. §

6

9-27-341(b)(3)(B)(ix)*(a)(3)*, the trial court found that Jill had subjected the children to aggravated circumstances, meaning that there is little likelihood that services to the family will result in successful reunification.

In her no-merit brief, Jill's counsel correctly states that there could be no meritorious challenge to the sufficiency of the evidence to support termination of Jill's parental rights. Although the trial court found multiple statutory grounds for termination, only one ground is necessary to support the termination. *Reid, supra.* In the termination order, the trial court found that Jill had subjected the children to aggravated circumstances, meaning that the trial court made a determination that there is little likelihood that continued services would result in successful reunification. Jill's counsel asserts that there could be no meritorious challenge to the trial court's finding of aggravated circumstances, and we agree. The family-service workers' testimony showed that, after the first two months of the case, Jill had not visited the children and had not maintained contact with DHS, despite repeated texts by the caseworker to try and find out where Jill lived. Jill failed to comply with the case plan and orders of the trial court, and the testimony indicated that Jill lacked appropriate housing and reliable transportation and had provided no proof of employment. Moreover, Jill's illegal drug use was a major factor in the case, and after the case was opened, Jill tested positive for methamphetamine on multiple occasions, and on other occasions she evaded being drug tested. Jill was also convicted of two drug-related offenses during the case. Jill failed to meaningfully participate in the DHS services that were offered during the case, and we hold

that there could be no meritorious argument challenging the trial court's finding that there is little likelihood that continued services would result in successful reunification.

We also agree with Jill's counsel's assertion that there can be no meritorious challenge to the trial court's finding that termination of parental rights was in the children's best interest. As stated, Jill showed little interest in pursuing reunification efforts and had not visited the children in nine months at the time of the termination hearing. The family-service worker gave the opinion that the children are adoptable, which we have held supports an adoptability finding by the trial court. *See Cole v. Ark. Dep't of Hum. Servs.*, 2018 Ark. App. 121, 543 S.W.3d 540. As to the issue of potential harm if the children were returned to Jill's custody, the record shows that Jill was not in compliance with the case plan and that she lacked stable and appropriate housing. Moreover, Jill continued to test positive for methamphetamine during the case. We have held that evidence of a parent's continued drug use or failure to comply with court orders constitutes sufficient evidence of potential harm. *Johnson v. Ark. Dep't of Hum. Servs.*, 2020 Ark. App. 313, 603 S.W.3d 630. In light of the evidence presented, the trial court's finding that termination of Jill's parental rights was in the children's best interest was not clearly erroneous.

In Jill's counsel's no-merit brief, counsel asserts that other than the termination itself, there were no other adverse rulings. We, however, have identified one additional adverse ruling that occurred at the conclusion of the termination hearing. After the trial court announced that it was terminating Jill's parental rights, Jill requested a final visit with the

children. The trial court noted that Jill had not seen the children in nine months, stated that a final visit "could possibly do more harm than good," and denied the request.

Generally speaking, if a no-merit brief in a termination-of-parental-rights case fails to address all the adverse rulings, we will order rebriefing. *Knerr v. Ark. Dep't of Hum. Servs.*, 2014 Ark. App. 550. However, where the adverse rulings are clearly not meritorious, we decline to order rebriefing. *Id.* Such is the case here.

In *Best v. Arkansas Department of Human Services*, 2020 Ark. App. 485, 611 S.W.3d 690, we indicated that any decision to grant a final visit in a termination hearing is within the trial court's discretion and that our courts have a duty to protect the best interest of the children. Here, the trial court committed no abuse of discretion in denying a final visit because Jill had not seen the children in nine months, and the trial court was acting in the children's best interest in denying the visit. We, therefore, conclude that any challenge to this adverse ruling would clearly be without merit.

Having examined the record and appellant's counsel's brief, we have determined that this appeal is wholly without merit. We affirm the order terminating appellant's parental rights and grant her counsel's motion to be relieved from representation.

Affirmed; motion granted.

HARRISON, C.J., and BROWN, J., agree.

*Jennifer Oyler Olson*, Arkansas Commission for Parent Counsel, for appellant.

One brief only.